IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MCCRAY,<br><br>Plaintiff,<br>v.<br><br>ARXADA, LLC,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 4:25-cv-02051-MWB |

**DEFENDANT ARXADA, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT WITH SEPARATE DEFENSES**

Defendant Arxada, LLC ("Defendant" or "Arxada"), by and through the undersigned counsel, hereby answers the Complaint filed by Plaintiff James McCray ("Plaintiff"). The paragraph numbers in this Answer correspond to the paragraph numbers in Plaintiff's Complaint. All allegations of the Complaint not specifically admitted herein are denied.

## NATURE OF THE CASE[1]

Defendant makes no answer to the allegations contained in the "Nature of Case" section of Plaintiff's Complaint as the same merely characterizes the nature of Plaintiff's purported claims against Defendant. To the extent a response is required, Defendant denies the allegations in the "Nature of the Case" section and specifically denies that it engaged in any unlawful activity and that Plaintiff is entitled to any damages.

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that Plaintiff purports to bring claims under 42 U.S.C. § 1981. Defendant denies that it violated §1981 and denies that Plaintiff is entitled to any remedies.

2. The allegations contained in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant does not contest supplemental jurisdiction at this time.

[1] The headings contained in Defendant's Answer mirror those used in Plaintiff's Complaint for ease of reference only and should not be interpreted as an admission in any way.

3. The allegations contained in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant does not contest venue at this time.

4. The allegations contained in Paragraph 4 refer to a document that speaks for itself. To the extent the allegations contained in Paragraph 4 are inconsistent with such document, the allegations are denied.

5. The allegations contained in Paragraph 5 refer to a document that speaks for itself. To the extent the allegations contained in Paragraph 5 are inconsistent with such document, the allegations are denied.

6. The allegations contained in Paragraph 6 refer to a document that speaks for itself. To the extent the allegations contained in Paragraph 6 are inconsistent with such document, the allegations are denied.

## **PARTIES**

7. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 regarding Plaintiff's current residence and therefore those allegations are denied.

8. Admitted.

9. Admitted.

10. Denied.

11. Admitted in part, denied in part. Defendant admits only that it previously employed Plaintiff. The remaining allegations in Paragraph 11 constitute legal conclusions to which no responsive pleading is required.

12. Admitted in part, denied in part. Defendant admits only that it employed more than twenty people. The remaining allegations in Paragraph 12 constitute legal conclusions to which no responsive pleading is required.

## MATERIAL FACTS

13. Admitted.

14. Admitted upon information and belief.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore those allegations are denied.

22. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore those allegations are denied.

23. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore those allegations are denied.

24. Denied.

25. Denied. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff witnessed in the workplace and therefore those allegations are denied. Defendant specifically denies that it treated white/Caucasian employees differently than others.

26. Denied.

27. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore those allegations are denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Admitted in part, denied in part. Defendant admits only that it terminated Plaintiff's employment on or around January 9, 2023. Defendant denies the remaining allegations in Paragraph 33.

34. Admitted in part, denied in part. Defendant admits that Plaintiff was not permitted to return to work, nor was he offered a "Last Chance Agreement." Defendant denies the remaining allegations in Paragraph 34.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied. Answering further, Defendant specifically denies that it ever discriminated against Plaintiff in any way.

48. Denied.

**AS A FIRST CAUSE OF ACTION**
**FOR RACE DISCRIMINATION UNDER**
**42. U.S.C. S 1981**

49. Defendant incorporates its answers to Paragraph 1 through 48 as if set forth fully herein.

50. Defendant makes no answer to the allegations contained in Paragraph 50 as the same merely purports to recites language from 42 U.S.C. § 1981. To the extent such language is inconsistent with 42 U.S.C. § 1981, the allegation is denied.

51. Denied.

52. Defendant denies that it engaged in any unlawful discrimination and denies that Plaintiff is entitled to any claimed damages.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**42 U.S.C. § 1981**

53. Defendant incorporates its answers to Paragraph 1 through 52 as if set forth fully herein.

54. Denied.

55. Defendant denies that it engaged in any unlawful retaliation and denies that Plaintiff is entitled to any claimed damages.

## AS A THIRD CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT UNDER 42 U.S.C. S 1981

56. Defendant incorporates its answers to Paragraph 1 through 55 as if set forth fully herein.

57. Denied.

58. Defendant admits only that it terminated Plaintiff's employment. Defendant denies the remaining allegations contained in Paragraph 58.

59. Defendant denies that it subjected Plaintiff to a hostile work environment and denies that Plaintiff is entitled to any claimed damages.

## AS A FOURTH CAUSE OF ACTION FOR RACE DISCRIMINATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT § 955

60. Defendant incorporates its answers to Paragraph 1 through 59 as if set forth fully herein.

61. Defendant makes no answer to the allegations contained in Paragraph 50 as the same merely purports to recites language from PHRA § 955. To the extent such language is inconsistent with PHRA § 955, the allegation is denied.

62. Denied.

63. Defendant denies that it subjected Plaintiff to unlawful discrimination and denies that Plaintiff is entitled to any claimed damages.

**AS A FIFTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**§ 955**

64. Defendant incorporates its answers to Paragraph 1 through 63 as if set forth fully herein.

65. Defendant makes no answer to the allegations contained in Paragraph 50 as the same merely purports to recites language from PHRA § 955(c). To the extent such language is inconsistent with PHRA § 955(c), the allegation is denied.

66. Denied.

67. Defendant denies that it engaged in any unlawful discrimination and denies that Plaintiff is entitled to any claimed damages.

**GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

**SEPARATE DEFENSES**

Defendant asserts the following separate defenses, without assuming the burden of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and/or are Plaintiff's burden to prove.

**FIRST DEFENSE**

Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

All decisions made regarding Plaintiff's employment were made for legitimate nondiscriminatory and non-retaliatory business reasons unrelated to their membership in any protected class and/or engaging in protected activity.

**THIRD DEFENSE**

None of the actions taken by Defendant with respect to Plaintiff were motivated by discriminatory or retaliatory animus. Even if any actions of Defendant upon which any claims are based were motivated by any impermissible factors, which Defendant denies, the same actions would have been taken in the absence of any such impermissible motivating factors.

**FOURTH DEFENSE**

Plaintiff's Complaint fails to state a claim for punitive damages against Defendant because at all times Defendant made good faith efforts to comply with all applicable laws and did not act with malice or willful and/or reckless disregard or indifference toward Plaintiff's rights or interests.

**FIFTH DEFENSE**

Plaintiff's Complaint fails to state a claim for liquidated damages against Defendant because at all times Defendant made good faith efforts to comply with all applicable laws and did not act with malice or willful and/or reckless disregard or indifference toward Plaintiff's rights or interests.

## SIXTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff failed to mitigate their damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH DEFENSE

Defendant has in place a clear, effective, well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff's claims are barred because: (1) Defendant took reasonable steps to prevent and correct workplace discrimination; (2) Plaintiff unreasonably failed to use the preventative and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

## NINTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, for failure to comply with and/or exhaust administrative prerequisites and/or jurisdictional prerequisites to an action.

## TENTH DEFENSE

If Plaintiff suffered any injury, the injury is not due to the acts of Defendant.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they are based on incidents that occurred more than 180 days (or 300 days) prior to the filing of a Charge of Discrimination with the appropriate administrative agency.

**TWELFTH DEFENSE**

Plaintiff's claims are not warranted by existing law or by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

**THIRTEENTH DEFENSE**

Defendant is entitled to the *Farragher/Ellerth* defense, because Plaintiff unreasonably failed to utilize Defendant's established written remedial procedures for the resolution of complaints of hostile work environment.

**FOURTEENTH DEFENSE**

Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of misconduct was such that Defendant did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages, and Defendant may not be held liable for any such alleged injuries or damages.

**FIFTEENTH DEFENSE**

Defendant reserves the right to assert the after-acquired evidence defense should it uncover evidence during the course of this litigation that would otherwise

justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar recovery of damages by Plaintiff.

**SIXTEENTH DEFENSE**

Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish especially egregious conduct by Defendant or involvement of upper management.

**SEVENTEETH DEFENSE**

Plaintiff's claims are subject to final and binding arbitration.

**RESERVATION OF RIGHTS**

Defendant's Answer and Affirmative Defenses are based upon the specific allegations in the Complaint, and Defendant reserves the right to amend this Answer or add additional Affirmative Defenses if and when they become known.

**WHEREFORE**, Defendant respectfully requests Plaintiff's Complaint be dismissed with prejudice and judgment be entered in Defendant's favor along with all costs, counsel fees, and any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Robert C. Perryman*

Robert C. Perryman (Pa. Id. #326609)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2821 (Phone)
(215) 995-2801 (Fax)
robert.perryman@ogletreedeakins.com

Date: February 27, 2026

*Attorneys for Defendant Arxada, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES MCCRAY, | CIVIL ACTION |
| Plaintiff, | Case No. 4:25-cv-02051-MWB |
| v. | |
| ARXADA, LLC, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2026, I caused Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served via the Court's electronic filing system upon the following:

Nathaniel N. Peckham. Esq., State Bar No. 325064
FREUNDLICH & LITTMAN, LLC
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
Attorney(s) for Plaintiff

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Robert C. Perryman*
Robert C. Perryman

*Attorney for Defendant Arxada, LLC*